UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SERGE ADAMOV                                PLAINTIFF

v.                          CIVIL ACTION NO. 3:09CV-868-S

U.S. BANK NATIONAL ASSOCIATION, et al.                 DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on motion of the defendants, U.S. Bank National Association, Rick Hartnack and Steven Saloutos, to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(1); 12(b)(6)(DN 12).

The plaintiff, Serge Adamov, was employed by U.S.Bank for more than ten years. He was appointed Vice President and District Manager of the Louisville market by the Board of Directors in February, 2004.

In 2005, U.S. Bank appointed defendant, Rick Hartnack, to the position of Head of Consumer Banking. Adamov alleges that Hartnack harbored discriminatory animus toward him due to his Russian origin and made disparaging remarks concerning his national origin. Adamov was born in Russia and speaks with an accent. He is a United States citizen. Adamov alleges, however, that Hartnack called him an "immigrant" and told him that "immigrants don't usually climb the corporate ladder."

Adamov alleges that he was repeatedly denied promotions with U.S.Bank by Hartnack and Saloutos because of his national origin.

Adamov alleges that he complained to his direct supervisor that he was being discriminated against because of his national origin and "because of the way I talk." Amend. Compl., ¶ 22. He claims that after complaining of discrimination, U.S. Bank conducted an investigation of him and subsequently discharged him purportedly in relation to a personal loan he made to a college friend in 2007. Amend. Compl., ¶¶ 23, 24.

Adamov's first claim alleges that he was discharged because of his national origin and in retaliation for reporting discrimination, in violation of the Kentucky Civil Rights Act ("KCRA"), KRS Chapter 344. Amend. Compl., ¶ 26. He also claims that he received a "Right to Sue" letter from the Equal Employment Opportunity Commission ("EEOC"), and that his discharge was in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Amend. Compl., ¶¶ 28-30.

I. Discrimination/Retaliation – Saloutos

The Amended Complaint contains no allegations concerning an individual referred to as "Saloutos" other than in paragraph 3 which states only that "Defendants Hartnack and Saloutos are not Kentucky residents," and paragraph 19 that "Hartnack and Saloutos repeatedly failed to promote Adamov..."

This claim fails "to meet the *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1969 (2007) standard for pleading a meritorious case. See *Wilkerson v. New Media Technology Charter School Inc.*, 522 F.3d 315, 322 (3d Cir.2008) (holding that the "plausibility paradigm announced in *Twombly* applies with equal force to analyzing the adequacy of claims of employment discrimination"). *Twombly* requires that a plaintiff must plead 'enough factual matter (taken as true) to suggest the required

element.' *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir.2008) (discussing and quoting *Twombly*). This requirement 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.' *Id.*" *Golod v. Bank of America Corporation*, 2009 WL 1605309, at *3 (D.Del. June 4, 2009)(*"Golod I"*).

Even under the most generous of pleading standards, the allegations against "Saloutos" are wholly deficient and fail to state any claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). The Amended Complaint against Saloutos[1] will be dismissed.

## II. Discrimination/Retaliation – Hartnack

Hartnack seeks dismissal of the claims against him.

No individual liability against Hartnack exists for discrimination under Title VII or the KCRA. In *Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir.1997), the United States Court of Appeals for the Sixth Circuit stated, "[A]n individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." To the extent that Adamov seeks to hold Hartnack individually liable for discrimination, the claims must be dismissed.

KRS 244.280 provides for individual liability for retaliation. However, the amended complaint is devoid of any allegation that Hartnack retaliated against Adamov after he reported discrimination to his supervisor. Adamov specifies particular conduct by Hartnack in failing to promote him. However, paragraphs 23 and 24 alleged that following Adamov's complaint to his

---

[1]The first name of "Steven" appears in the caption of the amended complaint but does not appear anywhere else. The court will assume that the individual referred to as "Saloutos" in the amended complaint is the captioned "Steven Saloutos." This is merely an assumption, however, as the amended complaint does not state a first name, address, place of employment, position, title, or relationship to anyone in the action.

supervisor, U.S. Bank conducted an investigation and terminated his employment. As he has not alleged that Hartnack retaliated against him, the claims as to Hartnack individually will be dismissed. *Twombly, supra.*

III. Discrimination/Retaliation – U.S. Bank

Adamov alleges that he filed a charge with the EEOC and received a right-to-sue letter on February 18, 2010. Amend. Compl., ¶ 28. While he has not filed a copy of the right-to-sue letter in the record, he filed an unsigned and undated copy of a charge of discrimination which states:

> In July 1998, I was hired by U.S. Bank. Most recently, I held the position of Vice President/District Manager in Louisville Kentucky. On August 31, 2009, I was terminated. I believe I was terminated because of my national origin, Russian, in violation of Title VII of the Civil Rights Act of 1964, as amended.

Resp. to 10/30/09 Mo. to Dis., DN 6-2. Accepting as true that Adamov received a right to sue letter after investigation of this complaint, the plain language of the EEOC charge evidences that he did not exhaust his administrative remedies with respect to either a claim for national origin discrimination in failing to promote him, or a claim for retaliation for reporting national origin discrimination.

While the matter of exhaustion of administrative remedies was not raised by U.S. Bank in the present motion, we raise it *sua sponte* as a threshold matter of this court's subject matter jurisdiction. *See Bacon v. Honda of America Manufacturing, Inc.*, 192 Fed.Appx. 337, 341 (6th Cir. 2006)("Despite the fact that Honda presented no objection on this ground, the district court dismissed these claims *sua sponte* because we have previously held that a plaintiff's failure to exhaust administrative remedies on any Title VII claims leaves the district court without

- 4 -

subject-matter jurisdiction to address these unexhausted claims. *See Weigel v. Baptist Hosp. of E. Tenn.,* 302 F.3d 367, 379 (6th Cir.2002).").

The court may properly consider the EEOC complaint in addressing this matter. This document was referenced in the amended complaint. Additionally, "the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003), *quoting Rogers v. Stratton Industries*, 798 F.2d 913, 916 (6th Cir.1986)).

> As explained in *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361-62 (6th Cir. 2010),
>
> In designating the procedure for challenging prohibited employment discrimination under Title VII, Congress gave initial enforcement responsibility to the EEOC. Thus, an employee alleging employment discrimination in violation of the statute must first file an administrative charge with the EEOC within a certain time after the alleged wrongful act or acts. See 42 U.S.C. § 2000e-5(e)(1). The charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge. See 42 U.S.C. § 2000e-5(f)(1); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). This rule serves the dual purpose of giving the employer information concerning the conduct about which the employee complains, as well as affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion. See *id*. at 44, 94 S.Ct. 1011. Hence, allowing a Title VII action to encompass claims outside the reach of the EEOC charges would deprive the charged party of notice and would frustrate the EEOC's investigatory and conciliatory role. At the same time, because aggrieved employees-and not attorneys-usually file charges with the EEOC, their *pro se* complaints are construed liberally, so that courts may also consider claims that are reasonably related to or grow out of the factual allegations in the EEOC charge. *See Randolph v. Ohio Dep't of Youth Servs*., 453 F.3d 724, 732 (6th Cir.2006). As a result, "whe[n] facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir.1998).

In *Younis*, the court found that the plaintiff had not exhausted his administrative remedies with respect to his hostile work environment and retaliation claims, finding specifically with respect to retaliation that

> Although the district court granted summary judgment on a different basis, we conclude as a threshold matter that the plaintiff also failed to exhaust his administrative remedies on this claim. The EEOC form included a specific check-off box to indicate a charge of retaliation. Although Younis marked other boxes on the form evincing an intent to charge discrimination based on religion and national origin, he did not indicate that he was alleging retaliation. Moreover, there is nothing in the narrative portion of the EEOC charge that could be interpreted as claiming retaliation, nor is there any language that would have put the EEOC or the employer on notice that Younis was alleging retaliation by Pinnacle...We therefore conclude that summary judgment was proper on this claim, although for a different reason from the one cited by the district court.

*Id.* at 362-63.

First, in the case at bar, the EEOC complaint alleged only that Adamov believed that he was *terminated* because of his national origin, Russian. He stated nothing in the charge about denials of promotions. The discrimination claim was thus limited to his termination. There is nothing in the charge which would have put the EEOC on notice that Adamov claimed national origin discrimination in denying him various promotions. There was no exhaustion of a charge of discrimination in the failure to promote, and therefore such a claim may not be maintained here.

Secondly, Adamov charged that his termination was *because of his national origin*, not in retaliation for reporting discrimination. Discrimination and retaliation are distinct claims which must be clearly identified in the charge. As in *Younis*, the EEOC form contained a box in which to indicate a charge of retaliation. As in *Younis*, the box was not checked. Retaliation was not mentioned, nor did the recited facts allude to such a charge. There is nothing which would have

suggested to the EEOC that Adamov's discharge was retaliatory. Therefore, as no retaliation charge was administratively exhausted, we do not have jurisdiction to entertain such a claim.

Adamov did exhaust his administrative remedies with respect to a claim for discharge because of his national origin, and he asserted a claim for discriminatory discharge under both state and federal law.

To the extent that he seeks relief on this claim under the Kentucky Civil Rights Act, KRS Chapter 344, the claim is preempted by the National Bank Act, 12 U.S.C. § 24(fifth). *Wiskotoni v. Michigan National Bank-West*, 716 F.2d 378 (6th Cir. 1983).

All that remains, then, is the claim that U.S. Bank discharged Adamov because of his national origin. U.S. Bank contends that the case of *Golod v. Bank of America Corp.*, 2009 WL 160509 (D.Del. June 4, 2009)("*Golod I*") should guide the court, and that we should dismiss this claim. The *Golod* case was recently affirmed on appeal. *Golod v. Bank of America Corp.*, 2010 WL 5065102 (3d Cir. Dec. 13, 2010)("*Golod II*"). Golod, a Russian Jewish woman, claimed that she was passed over for promotions in favor of other people. She contended that "for ten years she was discriminated against, and that this discrimination resulted in her termination because she was never afforded the educational and professional opportunities to remain a viable, up-to-date employee." *Id.* The court found, however, that her claim was deficient because she failed to allege that these "other people" were not female, not Jewish, or not "Russian Jews." *Golod I*, at *3.

U.S. Bank cites *Golod I* for the proposition that failure to sufficiently plead that nonmembers of the protected class were treated more favorably is fatal to Adamov's discrimination claim. However, in *Golod II* at footnote 2, the court stated that

> Like the District Court, we focus on the absence of adequate comparator evidence because this appears to be the most obvious way to supplement Golod's deficient

> complaint. But Golod was not required to plead comparator evidence to support an inference of discrimination. Such an inference could be supported in a number of ways, including, but not limited to, comparator evidence, evidence of similar racial discrimination of other employees, or direct evidence of discrimination from some statements or actions by her supervisors suggesting racial animus. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

*Id*. at *4, n. 2.

We find that the facts alleged by Adamov mandate a different result from that reached in the *Golod* cases. Adamov has alleged that U.S. Bank's employee, Hartnack, made the promotion decisions which impacted his employment. Adamov has alleged that despite being named one of U.S.Bank's top performers in the Louisville market, he was told by Hartnack that "immigrants don't usually climb the corporate ladder," that Hartnack told Adamov "your accent gives you up," and that Hartnack made reference to Adamov's ethnicity in the presence of co-workers. He claims that when he challenged the denials of various promotions, U.S. Bank conducted an investigation and terminated him purportedly in relation to a personal loan Adamov made to a college friend in 2007.

In challenging the claim of discriminatory discharge under Fed.R.Civ.P. 12(b)(6), U.S. Bank has argued that the lack of comparator allegations in Adamov's claim requires its dismissal under the *Golod* cases. Unlike Ms. Golod, however, Adamov has alleged a modicum of direct evidence of discriminatory animus exhibited by his superior. As noted in *Golod II*, comparator evidence is but one way to prove discrimination. Further, there is no claim of discriminatory failure to promote before this court. We therefore conclude that the holding in the *Golod* cases is inapplicable to the facts before us. Dismissal on that basis will therefore be denied.

IV. Conclusion

For the reasons stated herein, the court concludes that the amended complaint fails to state a claim upon which relief may be granted against Hartnack and Saloutos, and that the claims against U.S.Bank for discriminatory failure to promote and for retaliation must be dismissed for failure to exhaust administrative remedies as to such claims. The sole remaining claim in the action is against U.S. Bank for discriminatory discharge.

A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**