UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCY
AT LOUISVILLE

SERGE ADAMOV                                                                                    PLAINTIFF

v.                                                                    CIVIL ACTION NO.  3:09-CV-868-S

U.S. BANK NATIONAL ASSOCIATION                                                    DEFENDANT

**OPINION AND ORDER**

This employment discrimination case is before the court on opposing briefs. The issue is whether the plaintiff is entitled to additional discovery following remand from the United States Court of Appeals for the Sixth Circuit.  For reasons stated below, the magistrate judge concludes the plaintiff is entitled to limited discovery on the federal retaliation claim against the employer-defendant, U.S. Bank.

In the amended complaint, the plaintiff alleged he was terminated in retaliation for complaining of discriminatory denials of promotions on the basis of his national origin, Azerbaijan. (Amend. Compl. ¶¶ 19-24.)  On responsive motions to the amended complaint, the district court dismissed several claims, including the federal retaliation claim, on threshold grounds.[1] A single claim survived, the federal discriminatory discharge claim against the defendant U.S. Bank.  After the close of discovery, the district court dismissed the discrimination claim on summary judgment because the plaintiff failed to show that the stated ground for termination, an ethics infraction, was pretext.  On appeal, the Sixth Circuit affirmed the summary judgment but reversed dismissal of the federal retaliation claim and remanded.

---

[1] The district court dismissed a state retaliation claim as federally preempted. In turn, the district court dismissed *sua sponte* the federal retaliation claim for failure to exhaust administrative remedies. The Sixth Circuit upheld the preemption ruling but reversed the *sua sponte* dismissal because of, inter alia, the non-jurisdictional nature of the exhaustion requirement.

The plaintiff requests an additional period for discovery to depose witnesses, in addition to requesting more written discovery, about whether he was discharged in retaliation for complaining of discrimination based on his Azerbaijani origin.

The defendant objects to additional discovery because, it argues, the underlying facts of the discriminatory termination and retaliation claims overlap. This redundancy, the defendant argues, resulted in a fully developed record and thus obviates the need for further discovery. The defendant further argues the retaliation claim is susceptible to summary judgment because the legal conclusions similarly overlap; that is, the absence of proof concerning pretext, it argues, also negates direct causation – an essential element of retaliation, *University of Texas Southwestern Med. Ctr. v. Nassar*, 133 S.Ct. 2517 (2013)). The plaintiff counters that a court may determine that a defendant has not lawfully discriminated in any way, but still may find that its response to a complaint of discrimination is retaliatory and therefore unlawful, citing *Nassar*, 133 S.Ct. at 2528. The magistrate judge expresses no view toward the merit of either party's substantive arguments; yet, the magistrate judge has fully considered the nature of each claim and the potential for unnecessary, duplicative discovery.

In turn, the plaintiff argues that any overlap in discovery of the termination and retaliation claims should not be used to foreclose all discovery. Because the retaliation claim was dismissed prior to discovery, the plaintiff argues, the depositions and other discovery developed in pursuit of the discriminatory termination claim did not permit a fully developed record. The plaintiff's complaints allegedly occurred in early 2009 before the defendant bank initiated an investigation (July 6, 2009) that eventually resulted in the plaintiff's termination. The plaintiff claims he complained to four bank employees, Jenny Clark, Amy Hurd, Cathy Myers, and Gary Allen, none

of whom have been deposed. According to the plaintiff, the only evidence of retaliation before the court was discovered tangentially to the discrimination-claim discovery. If the plaintiff were limited to such discovery, the defendant would receive unfair advantage, the plaintiff argues, because the plaintiff would be restricted to the use of circumstantial evidence developed incidentally before appeal and would prematurely preclude discovery of any direct evidence of retaliation. The magistrate judge agrees.

The magistrate judge concludes the plaintiff has had only a limited opportunity to discover information related to the retaliation claim, insofar as such information was incidental to the discrimination claim, and that the plaintiff is entitled to additional discovery to fully develop the retaliation claim.

However, magistrate judge disagrees with reopening discovery on the issue of the ethics policy, as the plaintiff seeks. Specifically, the plaintiff argues he should be afforded opportunity to make a proper request for the applicable policy, i.e., any written policy applicable to conduct in 2007, because even after engaging in discovery, the court and the parties were left guessing as to what the defendant's policy permitted. (Brief at 6). The plaintiff's characterization unfairly restricts ethics policies to those that are written – a contention that is inconsistent with the Sixth Circuit's ruling. 726 F.3d at 855 ("Even if a written policy did not exist at the [relevant] time …, [the plaintiff's] burden required him to show a genuine question of material fact that the reasons given by the bank and its employees were not the true reasons for terminating him.").

The magistrate judge concludes that the defendant is foreclosed from reopening discovery on an issue adjudicated on appeal. The Sixth Circuit ruling is the law of the case. The plaintiff has had full opportunity to discover information related to the bank's policies and failed to carry his

burden of proof. This line of inquiry is now foreclosed.

The magistrate judge concludes that the plaintiff should be afforded discovery narrowly tailored to the potential for direct evidence of retaliation, i.e., the plaintiff's complaints and the response if any to such complaints.

The court being sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. Discovery shall be completed on or before **September 26, 2014**.

2. Dispositive motions shall be filed no later than **October 31, 2014.**

DATE:

cc: counsel of record