UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SERGE ADAMOV                                                                            PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:09-CV-00868-CRS

U.S. BANK NATIONAL ASSOCIATION                                                          DEFENDANT

## **MEMORANDUM OPINION**

This matter is before the Court on Plaintiff Serge Adamov's ("Plaintiff") Objection (DN 82) to the magistrate judge's Opinion and Order (DN 82) denying Plaintiff's request for discovery related to Defendant U.S. Bank National Association's ("Defendant") ethics policy. For the reasons set forth below, the Court will sustain the objection.

## **BACKGROUND**

Unless otherwise indicated, the following facts are undisputed. Plaintiff is a former employee of Defendant, for whom he served as Vice President and District Manager of the Louisville, Kentucky office. Approximately 10 years into his employment, Plaintiff began to believe that he was being denied promotions based on his Azerbaijani national origin. In 2009, Plaintiff raised this concern with his direct supervisor Arlene Mockapetris. Shortly thereafter, Defendant opened an investigation into Plaintiff's banking activities.

Ultimately, the investigation revealed that in 2007 Plaintiff had made a personal loan to a college friend—who happened to be a banking customer of Defendant—named Dmitri Shtapov.

Based on its conclusion that employee loans to bank customers violated its ethics policy, Defendant terminated Plaintiff's employment effective August 31, 2009.

On September 23, 2009, Plaintiff filed the present action in Jefferson County Circuit Court alleging that Defendant unlawfully terminated him in violation of the Kentucky Civil Rights Act. Specifically, Plaintiff alleged that his termination was motivated by either or both of: 1) his national origin; or 2) his complaints to supervisors about alleged national-origin discrimination. On October 28, 2009, Defendant removed the action on the basis of diversity jurisdiction.

On April 16, 2010, Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted. On March 7, 2011, we granted the motion to dismiss with respect to Plaintiff's retaliation claim on the grounds that Plaintiff had failed to exhaust his administrative remedies. With respect to Plaintiff's national-origin-discrimination claim, we denied the motion to dismiss, holding that Plaintiff had pleaded facts sufficient to state a claim under the KCRA.

On February 16, 2012, Defendant filed a motion for summary judgment on the remaining national-origin discrimination claim. On August 23, 2012, we granted the motion for summary judgment on the grounds that Plaintiff had failed to rebut Defendant's articulation of a legitimate, nondiscriminatory reason for Plaintiff's termination—namely, Plaintiff's violation of Defendant's ethics policy.

On appeal, the Sixth Circuit reversed our ruling on the motion to dismiss on the grounds that we should not have raised the administrative-exhaustion issue *sua sponte*. However, the Sixth Circuit affirmed our ruling on the motion for summary judgment on the grounds that Plaintiff had failed to carry its burden of establishing that Defendant's legitimate, nondiscriminatory reason for termination was pretextual. In reaching this conclusion, the Sixth

Circuit specifically held that Defendant's failure to produce a copy of its ethics policy in discovery was immaterial because "Even if a written policy did not exist at the time of [Plaintiff]'s loan, [Plaintiff]'s burden required him to show a genuine question of material fact that the reasons given by the bank and its employees were not the true reasons for terminating him." (Appeal, DN 70, at 6).

After remand, the parties convened for a status conference where the parties agreed to file opposing briefs concerning the appropriate scope and/or permissibility of certain discovery requested by the Plaintiff. On June 25, 2014, after having considered the parties' briefs, the magistrate judge granted Plaintiff's request for limited discovery related to his retaliation claim, but denied Plaintiff's request for discovery related to Defendant's ethics policy on the grounds that permitting such discovery would be inconsistent with the law of the case as established by the Sixth Circuit's decision on appeal.

On July 10, 2014, Plaintiff filed the present objection to the magistrate judge's opinion and order, arguing that his request for discovery related to Defendant's ethics policy seeks evidence relevant to his retaliation claim and is reasonably calculated to lead to the discovery of admissible evidence.

Having considered the parties' briefs and being otherwise sufficiently advised, the Court will now address Plaintiff's Objection.

## STANDARD

"Under 28 U.S.C. § 636 and FED. R. CIV. P. 72, the non-dispositive orders of magistrate judges are binding unless they are clearly erroneous or contrary to law." *Mills v. Am. Underground Structures, Inc.*, No. 3:99-CV-121-S, 1999 WL 33756666, at *1 (W.D. Ky. Dec. 2, 1999).

**DISCUSSION**

Plaintiff objects to the magistrate judge's ruling that Defendant's ethics policy is not a proper subject of discovery. In his opinion, the magistrate judge held that Plaintiff was "foreclosed from reopening discovery" with respect to Defendant's ethics policy because Plaintiff "unfairly restrict[ed]" his request for discovery of Defendant's ethics policies "to those that are written." (Opinion, DN 81, at 3). According to the magistrate judge, such a request was inconsistent with the law of the case as established by the Sixth Circuit's decision on appeal, wherein the court held that "Even if a written policy did not exist at the [relevant] time…, [Plaintiff's] burden required him to show a genuine question of material fact that the reasons given by the bank and its employees were not the true reasons for terminating him." (Appeal, DN 70, at 6).

After careful review, the Court concludes that Plaintiff's request for discovery related to Defendant's ethics policy was proper. "Unless otherwise limited by court order,… [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...." FED. R. CIV. P. 26(b)(1). "To establish a *prima facie* case [of retaliation] under either Title VII or the KCRA, a plaintiff… must show that: (1) she 'engaged in an activity protected by Title VII;' (2) the 'exercise of [her] civil rights was known by the defendant;' (3) 'thereafter, the defendant took an employment action adverse to the plaintiff;' and (4) 'there was a causal connection between the protected activity and the adverse employment action.'" *Montell v. Diversified Clinical Servs. Inc.*, 969 F. Supp. 2d 798, 811 (E.D. Ky. 2013) (quoting *Brooks v. Lexington–Fayette Urban Cnty. Hous. Auth.*, 132 S.W.3d 790, 803 (Ky. 2004)). Where a plaintiff attempts to demonstrate a causal connection via circumstantial evidence, courts apply the *McDonnell Doughlas* burden-shifting scheme. Under this framework, if the plaintiff is able

to satisfy the *prima facie* elements of her retaliation claim, the burden of production shifts to the defendant, who must articulate a legitimate, nondiscriminatory reason for its actions. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Upon the articulation of a legitimate, nondiscriminatory reason, the plaintiff must then demonstrate by a preponderance of the evidence that the stated reason is merely pretextual. *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 526 (6th Cir. 2008).

Given that Defendant has relied on Plaintiff's alleged violation of its ethics policy as a legitimate, nondiscriminatory reason for Plaintiff's termination, the content of Defendant's ethics policy is relevant to prove whether Defendant's proposed justification is merely pretextual. This is true notwithstanding the law of the case as established by the Sixth Circuit's decision on appeal. In affirming our decision to grant summary judgment on Plaintiff's national-origin discrimination claim, the Sixth Circuit rejected Plaintiff's argument that reversal was warranted because "the Bank ha[d] failed to produce evidence in support of its motion that it had an ethics policy that expressly prohibited loans to friends as of the date the loan was made." (Appeal, DN 70, at 6). As explained by the court:

> This argument mischaracterizes the burden on the bank and improperly shifts the burden of showing pretext away from [Plaintiff]. It was [Plaintiff] who needed to "demonstrate by competent evidence that the presumptively valid reasons for his rejection were in fact a coverup for a... discriminatory decision. The bank satisfied its burden by offering a legitimate nondiscriminatory reason for [Plaintiff]'s discharge…. The bank's "burden is one of production, not persuasion; it can involve no credibility assessment." Even if a written policy did not exist at the time of [Plaintiff]'s loan, [Plaintiff]'s burden required him to show a genuine question of material fact that the reasons given by the bank and its employees were not the true reasons for terminating him.

(Appeal, DN 70, at 6). Far from holding that Defendant's ethics policy was irrelevant to Plaintiff's burden of demonstrating pretext, the Sixth Circuit merely held that the failure to produce the ethics policy did not prevent Defendant from carrying its burden of articulating a

5

legitimate, nondiscriminatory reason for termination. As we interpret it, this holding does not preclude Plaintiff from conducting discovery aimed at revealing the content of Defendant's ethics policy. For these reasons, the Court concludes that that Plaintiff's request for discovery related to Defendant's ethics policy was proper. Accordingly, Plaintiff's Objection will be sustained.

      A separate order will be entered in accordance with this opinion.

**Charles R. Simpson III, Senior Judge**
**United States District Court**

August 22, 2014