FILED
VANESSA L. ARMSTRONG, CLERK
OCT 25 2017
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SERGE ADAMOV                                                                PLAINTIFF

v.                                         CIVIL ACTION NO. 3:09-CV-868-CRS

U.S. BANK NATIONAL ASSOCIATION                                              DEFENDANT

## COURT'S INSTRUCTIONS TO THE JURY

Ladies and Gentlemen:

Now that you have heard all of the evidence, and the argument of the attorneys, it is my duty to give you instructions as to the law applicable in this case.

It is your duty as jurors to follow the law as stated in the instructions, and to apply that law to the facts you find from the evidence.

You are not to single out one instruction alone as stating the law. You must consider the instructions as a whole.

You are not to be concerned with the wisdom of any rule of law stated by the court. You must apply the law given in these instructions whether you agree with it or not.

It is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses, live and by deposition, and the exhibits admitted in the record. It is your own interpretation and recollection of the evidence that controls.

You are permitted to draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which you feel are justified in light of your own common sense.

In saying that you must consider all the evidence, I do not mean to suggest that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness, and the weight to be given to the testimony of each witness.

In determining the credibility of any witness, you may properly consider the demeanor of the witness while testifying, frankness or lack of it, and his or her interest in the outcome of the case, if any.

When knowledge of a specialized subject matter may be helpful to the jury, a person having training or experience in the field is permitted to state an opinion. Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

The statements, objections, and arguments made by the lawyers are not evidence. What the lawyers have said to you is not binding upon you.

The weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You should be guided in your deliberations by the quality and credibility of the evidence you have heard.

2

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

As you have heard in this case, Serge Adamov asserts that his former employer, U.S. Bank National Association, terminated his employment in retaliation for complaining that he had been subjected to national origin discrimination, and asserts that he suffered various damages as a result of the decision to terminate him. In these instructions, I will refer to the parties as "Adamov" and "U.S. Bank," rather than continually repeating their names in full.

To be clear, this matter is not about whether national origin discrimination occurred during Adamov's employment with U.S. Bank.

The matter on which you have heard evidence concerns an alleged act of retaliation in response to Adamov's alleged complaints of national origin discrimination. Reporting perceived acts of discrimination is protected activity under the law. Retaliation for engaging in such protected activity is unlawful under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Kentucky Civil Rights Act. This retaliation claim is a separate and distinct claim, and the only claim that you must decide.

This case should be considered and decided by you as an action between persons of equal standing in the community, holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as an individual.

A corporation acts through its employees.

You should not consider the financial resources of either party in making your decision.

## A.

## RETALIATION

In order to succeed on his claim for retaliation, Adamov must prove that each of the following elements is more likely true than not true:

(1)    Adamov asserted a reasonable, good faith complaint that he had been subjected to national origin discrimination;

(2)    The individuals at U.S. Bank who made the decision to terminate Adamov's employment knew he complained of such discrimination;

(3)    U.S. Bank terminated Adamov's employment;

(4)    U.S. Bank terminated Adamov's employment because of his complaint that he had been subjected to national origin discrimination.

U.S. Bank terminated Adamov's employment, so the third element is not in dispute. You must decide whether Adamov has proven that the other three elements are more likely true than not true.

In order for Adamov to succeed on his claim of retaliation, Adamov must prove that the decision makers at U.S. Bank who terminated his employment knew of his complaint. His complaint need not have been made with absolute formality, clarity, or precision, but his opposition must have been more than a mere vague charge of discrimination. Also, his complaint must have been based upon his actual belief that U.S. Bank's actions were in violation of the law, and that such a belief was reasonable under the circumstances.

Adamov contends that U.S. Bank terminated his employment because of his complaint that he had been subjected to national origin discrimination. While it need not have been the sole

4

factor, the phrase "because of" means that Adamov's complaint was the "reason" that U.S. Bank decided to terminate him.

The law is not intended to be a vehicle for the second-guessing of business decisions. The law requires only that employers not make employment decisions for unlawful reasons, such as retaliation. If you find that U.S. Bank retaliated against Adamov because he engaged in protected activity, you must return a verdict in favor of Adamov. However, you must return a verdict in favor of U.S. Bank if you find that the Bank engaged in the exercise of permissible business judgment.

Do you believe from the evidence that it is more likely true than not true that U.S. Bank discharged Adamov because of his complaint that he had been subjected to national origin discrimination?

You will indicate your answer to this question on Verdict Form A. Have your foreperson sign and date the form.

If you find for Adamov, you will proceed to the next instruction. If you find for U.S. Bank, you will end your deliberations and return to the courtroom.

## B.

## DAMAGES

If you have found U.S. Bank liable on Verdict Form A, you must now determine what sum or sums of money will fairly and reasonably compensate Adamov for any damages which you find from the evidence resulted from the retaliation you have found occurred in this case.

Adamov is entitled to recover damages that are reasonably certain in existence and amount and that have been proved to you by the greater weight of the evidence. You may not award damages that are remote and speculative, nor may you award damages based on sympathy or guesswork. In addition, Adamov had a duty to exercise reasonable care to reduce and minimize any damages he may have sustained and to the extent he failed to exercise such care you must reduce your award accordingly.

In determining the amount of damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. The law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

The damages you award must be fair compensation—no more and no less. In awarding this measure of damages, no evidence of the monetary value of such intangible things as emotional distress has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at trial.

You will indicate your award of damages, if any, on Verdict Form B, have your foreperson sign and date the form, end your deliberations, and return to the courtroom.

# C.

## PUNITIVE DAMAGES

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's federally protected rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

Your verdicts must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdicts must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

During your deliberations, you must not discuss this case with anyone outside the jury, or provide anyone outside the jury with any information about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, BlackBerry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, Snapchat, LinkedIn, YouTube, Instagram, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I have accepted your verdict.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will speak for you here in court.

Forms for verdicts have been prepared for your convenience.

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdicts, you will have your foreperson fill in, date, and sign the forms

which set forth the verdicts upon which you unanimously agree with respect to each issue in this case; you will then return your verdicts to the courtroom.

# VERDICT FORM A

| United States District Court | **District** <br> Western District of Kentucky |
|---|---|
| **Case Title** <br><br> SERGE ADAMOV <br><br> v. <br><br> U.S. BANK NATIONAL ASSOCIATION | **Docket No.** <br><br><br> CIVIL ACTION NO. 3:09CV-868-CRS |

Do you believe from the evidence that it is more likely true than not true that the defendant, U.S. Bank National Association, terminated the plaintiff, Serge Adamov, because of his complaint that he had been subjected to national origin discrimination?

_____ Yes          _____ No

| **Foreperson's Signature** | **Date** |
|---|---|

# VERDICT FORM B

| United States District Court | **District**<br>Western District of Kentucky |
|---|---|
| **Case Title**<br>SERGE ADAMOV<br>v.<br>U.S. BANK NATIONAL ASSOCIATION | **Docket No.**<br><br>CIVIL ACTION NO. 3:09CV-868-CRS |

WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND DAMAGES AS FOLLOWS:

(1) Performance based options granted while employed

_____
(not to exceed $495,736.33)

(2) Performance based stock awarded while employed

_____
(not to exceed $65,781.78)

(3) Performance based options grant estimated - 2009, 2010, 2011

_____
(not to exceed $149,553.15)

(4) Performance based stock award estimated - 2009, 2010, 2011

_____
(not to exceed $65,773.20)

(5) Salary estimated September 1, 2009 to December 31, 2011

_____
(not to exceed $346,303.96)

Mitigation of Loss 2009-2011     [SUBTRACTION]

___(_____)_____
(amount claimed $132,900.00)

Lost opportunity costs

_____
(not to exceed $163,561.70)

**TOTAL**

_____
(not to exceed $1,153,810.11)

| **Foreperson's Signature** | **Date** |
|---|---|
| | |

## VERDICT FORM C

| United States District Court | District<br>Western District of Kentucky |
|---|---|
| Case Title<br><br>SERGE ADAMOV<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION | Docket No.<br><br>CIVIL ACTION NO. 3:09CV-868-CRS |

WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND DAMAGES AS FOLLOWS:

    Punitive Damages                 _____

| Foreperson's Signature | Date |
|---|---|
|  |  |